# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACHIEM GODFREY** | : |
| **Petitioner** | : CIVIL ACTION NO. 3:19-0394 |
| v. | : (JUDGE MANNION) |
| | : |
| **BARRY SMITH**, *et al.*, | |
| | : |
| **Respondents** | |

## MEMORANDUM

Petitioner, Rachiem Godfrey, an inmate confined in the State Correctional Institution, Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a conviction imposed by the Court of Common Pleas for Lebanon County, Pennsylvania. Id. A response (Doc. 11) and traverse (Doc. 17) having been filed, the petition is ripe for disposition. For the reasons outlined below, the Court will dismiss the petition for writ of habeas corpus as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

I.   **Background**

On May 27, 2008, Petitioner was charged by the Lebanon City Police Department with the following: one (1) count of Person not to Possess Firearms, 18 Pa.C.S.A. §6105(a)(1); one (1) count of Firearms not to be Carried without a License, 18 Pa.C.S.A. §6106(a)(1); one (1) count of Possession of a Firearm with Altered Manufacturer's Number, 18 Pa.C.S.A. §6110.2(a); one (1) count of Receiving Stolen Property, 18 Pa.C.S.A. §3925(a); two (2) counts of Disorderly Conduct, 18 Pa.C.S.A. §5503(a)(1), and 18 Pa.C.S.A. §5503(a)(4); one (1) count of Resisting Arrest, 18 Pa.C.S.A. §5104; and one (1) count of Prohibited Offensive Weapons, 18 Pa.C.S.A. §908(a). (Doc. 17-4, Criminal Complaint, Doc. 17-5, Information). These charges stemmed from an incident where a citizen called 911 due to Petitioner illegally possessing a concealed firearm at a bar. Id.

On March 4, 2009, a jury trial was held in the matter. (Doc. 17-9, Trial Transcript). The Jury found Petitioner guilty of Person not to Possess Firearms, Firearms not to be Carried without a License, Possession of a Firearm with Altered Manufacturer's Number, Disorderly Conduct, Resisting Arrest, and Prohibited Offensive Weapons. (Doc. 17-10, Verdict). The Commonwealth withdrew the charges of Receiving Stolen Property and Disorderly Conduct. (Doc. 17-11, sentencing Order, Doc. 17-12, Sentencing

Transcript). On April 22, 2009, Petitioner was sentenced to serve an aggregate sentence of thirteen (13) to twenty-nine (29) years in a state correctional institution. Id.

On May 4, 2009, Petitioner filed Post-Sentence Motions. (Doc. 17-13). On July 22, 2009, the trial court denied Petitioner's Post-Sentence Motions with the exception of Petitioner's Motion for Judgment of Acquittal for Possession of a Prohibited Offensive Weapon, which it granted. (Doc. 17-16, Opinion).

On September 4, 2009, Petitioner was resentenced to an aggregate sentence of twelve (12) years and six (6) months to twenty-five (25) years. (Doc. 17-17, Order).

On September 11, 2009, Petitioner filed a timely Notice of Appeal to the Superior Court of Pennsylvania. (Doc. 17-19, Appeal). On appeal, Petitioner alleged that the Commonwealth failed to present sufficient evidence to sustain Petitioner's conviction, the verdict was against the weight of the evidence, the trial court abused its discretion in sentencing Petitioner, and that the trial court erred in denying Petitioner's Motion to Suppress. (Doc. 17-20).

On January 21, 2010, the Superior Court of Pennsylvania dismissed Petitioner's appeal for failure to file a brief. (Doc. 17-22, Order).

On August 30, 2010, Petitioner, through trial counsel, filed a Petition for Leave to File *Nunc Pro Tunc*. (Doc. 17-26). On August 31, 2010, the trial court granted the Petition. (Doc. 17-27, Order). On September 28, 2010, Petitioner filed a Notice of Appeal. (Doc. 17-28, Appeal). On July 26, 2011, the Superior Court affirmed the decision of the trial court. (Doc. 17-30, Memorandum Opinion).

On July 13, 2012, Petitioner filed a timely Post-Conviction Relief Act (PCRA) Petition. (Doc. 17-31). On August 23, 2012, Petitioner filed an Amended Post-Conviction Relief Act Petition, which asserted additional claims of ineffectiveness of his trial counsel. (Doc. 17-33). On October 22, 2012, an Evidentiary Hearing was scheduled on the merits of Petitioner's Amended Petition. (Doc. 17-34, Transcript of Proceedings). Petitioner refused to identify himself at the hearing and the trial court dismissed the PCRA Petition. (Doc. 17-35, Order). On October 26, 2012, Petitioner filed a timely Notice of Appeal to the Superior Court. (Doc. 17-36).

On July 22, 2013, the Superior Court affirmed the trial court's denial of Petitioner's PCRA Petition. (Doc. 17-41, Memorandum Opinion). On August 22, 2013, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. (Doc. 17-42). The Supreme Court of

Pennsylvania denied the Petition on November 19, 2013. (Doc. 17-43, Order).

On December 19, 2014, Petitioner filed a second PCRA Petition. (Doc. 17-44). Petitioner again alleged Constitutional violations under the United States and Pennsylvania Constitutions, ineffective assistance of counsel, and that exculpatory evidence was unavailable at trial. Id. Petitioner also made new allegations that his sentence was illegal and that the trial court did not have jurisdiction over his case. Id.  On January 9, 2015, the trial court issued an Order notifying Petitioner of its intent to dismiss the second Petition due to timeliness, waiver of new claims, and previous litigation regarding some of those claims. (Doc. 17-46, Order). On January 22, 2015, Petitioner filed a Response to the trial court's Order alleging a miscarriage of justice and ineffectiveness of the counsel for his first PCRA Petition. (Doc. 17-47). On February 10, 2015, the trial court issued an Order and Opinion denying the second PCRA Petition due to timeliness while also finding counsel for the first PCRA Petition was effective. (Doc. 17-48). On February 25, 2015, Petitioner filed a timely Notice of Appeal to the Superior Court. (Doc. 17-49). On August 28, 2015, the Superior Court affirmed the trial court finding that all of Petitioner's claims were waived. (Doc. 17-52).

On October 1, 2015, Petitioner filed a third PCRA Petition raising the same grounds for relief as the second Petition. (Doc. 17-53). On November 9, 2015, Petitioner filed an Amended PCRA Petition stating he relied on false legal documents for his first PCRA Hearing and accusing all of his prior attorneys of ineffectiveness. (Doc. 17-54). On December 15, 2015, Petitioner filed a Response to Amended Order again claiming that a miscarriage of justice occurred and proclaiming his innocence. (Doc. 17-58). On January 11, 2016, Petitioner filed a brief to support the claims in the PCRA Petition. (Doc. 17-59).

On November 29, 2017, Petitioner filed a fourth PCRA Petition alleging violations of the United States and/or Pennsylvania Constitutions, ineffective assistance of counsel, obstruction by government officials, exculpatory evidence, and that the trial court imposed an illegal sentence. (Doc. 17-60). On January 31, 2018, the trial court denied the fourth PCRA Petition as untimely. (Doc. 17-63, Order). On March 8, 2018, Petitioner filed a Notice of Appeal to the Superior Court of the denial of his PCRA Petition. (Doc. 17-64). On October 12, 2018, the Superior Court affirmed the trial court's denial of the PCRA Petition. (Doc. 17-67, Memorandum Opinion).

On March 6, 2019, Petitioner filed the instant petition for writ of habeas corpus, in which he once again challenges his conviction and sentence imposed in the Lebanon Court of Common Pleas. (Doc. 1, petition).

II.     Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review ...
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year

period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz

v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir. April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

A. Statutory Tolling

In this case, because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court on direct appeal, his conviction became final on August 25, 2011, or thirty (30) days after the Pennsylvania

Superior Court affirmed Petitioner's conviction and sentence. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running on August 25, 2011, and Godfrey had until Monday, August 27, 2012 to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Godfrey filed his timely PCRA petition on July 13, 2012, the AEDPA's filing period was statutorily tolled with approximately 45 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until November 19, 2013, when the Pennsylvania Supreme Court denied Godfrey's Petition for Allowance of Appeal. Petitioner did not file any further appeal. Although not entitled to it, see Stokes, supra, even if we provided Petitioner with the ninety (90) days within which to file a Petition for Writ of Certiorari with the United States Supreme Court, the instant petition would still be untimely, as the time to file with the United States Supreme Court would have expired on March 31, 2014. The remaining 45 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus would have begun to run on March 31, 2014 and expire on May 15, 2014. The instant petition was not filed until March 6, 2019, almost five years after the limitations period expired.

Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some

extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D. Pa. 2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

In the present matter, Petitioner argues that "in his second PCRA petition, his first PCRA counsel, Erin Zimmerer, did not notify him that she had withdrawn from his case (second PCRA petition p.3)" and "there is nothing in the record to indicate that Attorney Zimmerer ever informed Petitioner that his Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on November 19, 2013." (Doc. 20 at 2).

Thus, Petitioner concludes that "first PCRA counsel, Erin Zimmerer abandoned Petitioner by failing to perfect his appeal – by failing to notify Petitioner that his Petition for Allowance of Appeal had been denied, she deprived Petitioner of his ability to file an Application for Reconsideration with the Supreme Court of Pennsylvania, and she deprived Petitioner of his right to file a federal writ of habeas corpus. Id.

Initially, the Court notes that Petitioner's second PCRA petition, filed on December 19, 2014, does not toll or extend the filing period for his federal petition, as the one-year statute of limitations for filing his federal petition expired on May 15, 2014. Thus, Petitioner's second PCRA petition was filed after the one-year statute of limitations had run before he filed his second petition. See Pace, 544 U.S. at 417.

Moreover, Godfrey's allegations are ultimately insufficient to demonstrate that his is one of the rare cases in which equitable tolling should apply. See Jones, 195 F.3d at 159. In some circumstances, attorney abandonment can constitute the kind of "extraordinary circumstance" necessary for equitable tolling. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013) ("One potentially extraordinary circumstance [for equitable tolling purposes] is where a prisoner is 'effectively abandoned' by his attorney." (quoting Holland v. Florida, 560 U.S.

- 13 -

631, 651 (2010))). Generally, however, "an attorney's delinquency is chargeable to the client," see Cristin v. Wolfe, 168 F. App'x 508, 511 (3d Cir. 2006), and "garden variety claim[s] of excusable neglect" are not considered extraordinary circumstances warranting equitable tolling," see Holland, 560 U.S. at 651-52 (internal quotation marks omitted). The Third Circuit has held that an attorney's failure to timely notify a client of the disposition of an appeal is the type of attorney error that does not rise to the level of an extraordinary circumstance. LaCava v. Kyler, 398 F.3d 271, 276-77 (3d Cir. 2005); see also Cristin, 168 F. App'x at 511 (counsel's alleged failure to inform the petitioner that he was no longer representing her and that he was not filing a petition for allowance of appeal did not justify equitable tolling). Thus, Petitioner is not entitled to equitable tolling of the statute of limitations.

    C. Actual Innocence

Godfrey also asserts that equitable tolling of the statute of limitations is warranted because he is actually innocent. (Doc. 20 at 4). The United States Supreme Court has held that a showing of actual innocence can overcome the habeas statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence exception applies only in extraordinary cases. See Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000). To be credible, a claim of actual innocence must be based on reliable

evidence not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995); Calderon v. Thompson, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Schlup, 513 U.S. at 327). A petitioner must " 'persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt'." Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (quoting Schlup, 513 U.S. at 329).

Here, Godfrey has failed to offer a reliable showing of actual innocence. In support of his claim, Petitioner cites to a video surveillance taken at the alleged crime scene that was never presented at trial, and that Petitioner believes could have exonerated him, the fact that he was not represented by counsel at his preliminary hearing, and that the firearm in question not being fingerprinted or tested for any other forensic evidence that could have led to Petitioner's innocence. (Doc. 20 at 4). The record before this Court, however, reveals that the validity of these claims has been presented to the state courts and found to be without merit.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'." Reeves v. Fayette SCI, 897 F.3d 154 (3d Cir. 2018) (quoting McQuiggin, 569 U.S. at 392). Godfrey provides no such evidence in support of his claim. Nor can any be extracted from the claims raised in his petition. Accordingly, he has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

### III. Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

### IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 16, 2020**
19-0394-01